```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FRANK TAGARIELLO,

                Plaintiff,

vs.                           Case No. 2:07-cv-248-FtM-29SPC

JAMES MCDONOUGH; ARMARK FOOD SERVICE
CORPORATION,

                Defendants.
_____

## **ORDER OF DISMISSAL**

### **I.**

This matter comes before the Court upon periodic review of the file. Plaintiff, who is proceeding *pro se* and incarcerated at Hendry Correctional Institution, initiated this action by filing a Civil Rights Complaint (Doc. #2, Complaint) pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Florida. See Doc. #1. The United States District Court for the Southern District of Florida transferred the action to this Court. Id. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. #8), which the Court granted (Doc. #12).

### **II.**

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary

relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349.  The court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Sec'y for the Dep't Corr., 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense."

Id. (quotations and citations omitted); Nietzke 490 U.S. at 327; Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349. The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals also applies to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

### **III**.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege

and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).

Here, Plaintiff names two Defendants: James McDonough, Secretary of the Florida Department of Corrections; and Armark Food Services Corporation, the food services provider at the jail. Complaint at 1. Plaintiff states that, while incarcerated at Hendry Correctional Institution, he was employed by Armark Food Services and provided 105 hours worth of work between December 22, 2006, through January 15, 2007. Id. at 4. Plaintiff claims that he "did not receive financial compensation" for the work performed. Id. Specifically, Plaintiff avers that Armark "refused to provide the [F.D.O.C] with financial compensation to be deposited by the F.D.O.C. into this plaintiff's inmate trust fund account." Id. Plaintiff also alleges that, despite his requests for a copy of the contract between the DOC and Armark Food Services, neither McDonough or Armark have provided Plaintiff with a copy of the contract. Id. As relief, Plaintiff requests that the Court: (1) order McDonough to provide a copy of the contract between Armark

and the DOC to Plaintiff; (2) order McDonough to provide a copy of the compensation plan indicating how much money should have been deposited into Plaintiff's inmate account for the work performed; (3) order Armark to provide the DOC with the financial compensation for Plaintiff's work in order for the DOC to deposit the funds into Plaintiff's account. Id. at 5.

Liberally construing the Complaint, it appears that the Complaint sets forth a claim pursuant to 29 U.S.C. §§ 201-219, the Fair Labor Standards Act (hereinafter "FLSA"). See generally id. The FLSA, however, does not apply to inmates who work for state prison industries. Gambetta v. Prison Rehab. Indus., Inc., 112 F.3d 1119, 1124 (11th Cir. 1997). "Prisoners may thus be ordered to cook, staff the library, perform janitorial services, work in the laundry, or carry out numerous other tasks that serve the various institutional missions of the prison." Id.

To the extent the Complaint is setting forth a due process claim stemming from Plaintiff not receiving wages for work performed at the jail, the Due Process Clause of the Fourteenth Amendment provides no state "shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. amend XIV, § 1. A § 1983 claim alleging a denial of procedural due process, however, requires a Plaintiff establish: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th

Cir. 2003) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). Thus, Plaintiff must first establish the existence of a protected liberty or property interest. Board of Regents v. Roth, 408 U.S. 564, 569-570 (1972). The source of property interests comes from statutes, regulations, ordinances, and contracts, not the Constitution. Id. at 576-77; see also Key West Harbour v. City of Key West, 987 F.2d 723, 727 (11th Cir. 1993). Assuming *arguendo* that prison wages constitute a property interest to a prisoner, "[b]efore seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress." T & A Utilities v. City of Panama City, Case No. 5:96CV97, 1997 WL 151045, *4, 10 Fla. L. Weekly Fed. D. 484 (N.D. Fla. 1997) (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996); McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994), cert. denied, 513 U.S. 1110 (1995)(footnote omitted)).

Finally, the Court cannot grant Plaintiff the relief he seeks, namely that the Court compel state officials to provide him with the relevant contract, compensation plan, or direct state officials to pay Plaintiff for the work performed. Federal courts do not have the power to compel performance by a state official, or a private corporation in privity of contract with a state agency, where mandamus is the only relief sought. Russel v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial Dist.

Court of Texas, 440 F.2d 383 (5th Cir. 1971).[1]  Because Plaintiff seeks mandamus relief, the Court must dismiss the Complaint.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is **DISMISSED** without prejudice pursuant to § 1915A.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   27th   day of January, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.